UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DARRELL ANTHONY YATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-00048-TWP-DML |
| | ) |
| JACKSON COUNTY JUVENILE | ) |
| DETENTION CENTER, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S PARTIAL MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendant Jackson County Juvenile Detention Center ("Jackson County"), pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 17, 2016, after just ten days of employment, Jackson County terminated *pro se* Plaintiff Darrell Anthony Yates ("Yates"). Thereafter, on March 25, 2016, Yates filed a Complaint against Jackson County, alleging he was subjected to a hostile work environment and wrongly terminated after overhearing his co-workers and supervisors making "abusive, profane and [] sexual comments" in the work place. (Filing No. 1.) Jackson County now seeks to dismiss Yates' Complaint for failure to state a claim. (Filing No. 9.) For the reasons set forth below, the Court **GRANTS** Jackson County's Partial Motion to Dismiss.

### I. BACKGROUND

Yates accepted a position with Jackson County in March 2016. On March 9, 2016, while at work, Yates witnessed his co-workers and supervisors make abusive, profane and sexual comments regarding inmates and others. It is unclear from the Complaint whether Yates complained about the comments, however, the following day Yates' supervisors apologized for the inappropriate language and behavior. On March 14, 2016, one of Yates' co-workers, Sue Gans,

again used profane language, as well as prevented Yates from speaking with and mentoring a juvenile, which is an important facet of an officer's job and policy. It is again unclear from the Complaint whether Yates complained about his co-worker's behavior, however, on March 17, 2016, Yates' supervisor terminated him after Sue Gans stated that "[Yates] was going to step on anyone's feet [he] had to to get what [he] wanted." Yates' supervisor did not investigate the statement prior to terminating Yates.

On March 25, 2016, eight days after Yates' termination, Yates filed a Complaint against Jackson County, alleging that he was subjected to a hostile work environment and wrongly terminated. (Filing No. 1.) Yates also contends that Jackson County violated state ethics when using profanity in the workplace. *Id*. On March 30, 2016 the Court granted Yates motion to proceed *in forma pauperis* ("IFP") and dismissed all claims against individual supervisors and co-workers. (Filing No. 4) Thereafter, on April 11, 2016, Yates filed a claim with the Equal Employment Opportunity Commission ("EEOC"). (Filing No. 11 at 2.) On May 31, 2016, Jackson County filed a motion requesting that the Court dismiss Yates' Complaint for failure to state a cause and failure to exhaust all remedies. (Filing No. 9.)

On August 10, 2016, the EEOC issued its Order denying Yates' claim, triggering Yates' right to bring a civil lawsuit. (Filing No. 11 at 2.) After the EEOC's decision, on September 14, 2016, Jackson County voluntarily withdrew its motion to dismiss Yates' sexual harassment claim, contending that the argument is moot because Yates exhausted all administrative remedies as required by 42 U.S.C. § 2000e-5. Accordingly, Jackson County's Motion to Dismiss regards only Yates' wrongful termination and violation of state ethics claims. On October 15, 2016, after Yates failed to respond, the Court issued an Order extending the response deadline to November 7, 2016. (Filing No. 15.) To date, Yates has not responded to Jackson County's Motion to Dismiss.

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in

the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

> [E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. We will not do his research for him.

*Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (citations and quotation marks omitted).

### III. DISCUSSION

Jackson County moves the Court to dismiss Yates' wrongful termination and violation of state ethics claims, because Yates fails to state a claim upon which relief can be granted.

**A.** **Wrongful Termination**

Jackson County asks the Court to dismiss Yates' wrongful termination claim, arguing that Yates is presumed to be an employee-at-will because he failed to allege any facts showing that he was under an employment contract. "Indiana generally follows the employment at will doctrine, which permits both the employer and the employee to terminate the employment at any time for 'a good reason, bad reason, or no reason at all.'" *Meyers v. Meyers*, 861 N.E.2d 704, 706 (Ind. 2007) (quoting *Montgomery v. Bd. of Trustees of Purdue Univ.*, 849 N.E.2d 1120, 1128 (Ind. 2006)). Indiana recognized limited exceptions to the employment at-will doctrine for wrongful termination claims. *See McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 393 (Ind. 1988) (wrongful termination claim permitted where employee was terminated for refusing to engage in an illegal act); *Frampton v. Cent. Indiana Gas Co*., 260 Ind. 249, 253, 297 N.E.2d 425, 428 (1973) (wrongful termination claim permitted where employee was terminated for exercising

4

a statutory right). Jackson County contends that Yates failed to assert that his termination fits within one of the narrow wrongful termination exceptions.

The Court finds, because Yates has not responded to Jackson County's arguments, he conceded these points. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession.); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087, at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same). Accordingly, dismissal is warranted on the wrongful termination claim.

**B.** **State Ethics**

Jackson County also moves the Court to dismiss Yates' violation of state ethics claim because Yates' Complaint states only that the use of offensive language is a "serious ethics violation," but fails to provide any legal authority. In addition, Jackson County asserts that Indiana's "Ethics Code" at Ind. Code §4-2-6 *et seq*, §4-2-7 *et seq*, and §4-2-8 *et seq.,* relates only to employment of state officers and agencies, and does not create rules that apply to the county Defendants in this action, nor does it create a private cause of action for a former county employee. ([Filing No. 10 at 4](#).) There is no allegation in the Complaint that Yates' employment fits within the statutory category that would allow him to pursue an ethics code violation under Indiana law; accordingly, this claim for relief must be dismissed with prejudice.

## IV.  CONCLUSION

For the above reasons, the Court **GRANTS** Jackson County's Partial Motion to Dismiss ([Filing No. 9](Filing No. 9)).  Because it may be possible that Yates might have a viable cause of action under some set of facts on his claim for wrongful termination, Yates *pro se* claim for wrongful termination is **dismissed without prejudice**. Yates shall have until **February 24, 2017**, to amend his complaint asserting sufficient factual support of his claim against Jackson County for wrongful termination; or to show cause why Judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

 If filed, any amended complaint will become the operative complaint and should include the claim for sexual harassment. However, any amended complaint *should not* include a claim for ethics violations because that claim has been dismissed with prejudice.

**SO ORDERED**.

Date: 1/25/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Darrell Anthony Yates
726 Emerson Drive
Seymour, Indiana  47274

Liberty L. Roberts
CHURCH HITTLE & ANTRIM (Fishers)
lroberts@cchalaw.com